IN THE

# SUPREME COURT OF SOUTH CAROLINA.

Justices of the Supreme Court during the Period comprised in this Volume.

HON. A. J. WILLARD, CHIEF JUSTICE.
HON. W. D. SIMPSON,       "         "
HON. HENRY McIVER, ASSOCIATE JUSTICE.
HON. SAMUEL McGOWAN,    "         "

### CASE No. 893.

### CADE v. PERRIN.

A county treasurer, by public advertisement, called for the payment of a railroad subscription tax, and threatened to enforce its collection by levy and sale. Under this call, a tax payer paid, under protest, the amount demanded of him, and then brought action for its recovery under the provisions of "An act to facilitate the collection of taxes." 16 *Stat.* 785. At the trial, the county treasurer testified that he had been forbidden by the comptroller-general to enter these railroad subscription assessments upon the tax duplicate, and that he collected only as agent for the railroad company.—*Held*, that the presiding judge erred in granting a nonsuit.

Before THOMSON, J., Abbeville, February, 1880.

A

Associate Justice McGowan, having been of counsel, did not sit at the hearing of this case.

The order of the presiding judge fully states the case. It was admitted at the trial that there was no public notice given, that in collecting the tax, the treasurer acted without authority from the comptroller-general; but the defendant testified that the comptroller-general had instructed him, that he, as county treasurer, could not collect the railroad taxes, and must not charge them upon his tax books. The following is a copy of the tax receipt given to plaintiff:

No. 432.     Township No. 16.     January 15th, 1879.

Received from G. S. Cade (protest) eight 25-100 dollars for railroad tax, due on the following real estate, for the year 1878, viz.:

> 50 acres,  
> 4 buildings, } Value  -  -  $1650.00  
> Tax, 5 mills,  -  -  -  -  8.25  
> (Signed)     J. W. PERRIN,  
> *Treasurer for R. R. Co.*

The order of the presiding judge is as follows:

Under an act to alter and amend an act entitled "An act to charter the Greenwood and Augusta Railroad Company," passed December 13th, 1877, (16 *Stat.* 323,) the commissioners of election of Abbeville county were authorized, upon the petition of fifty landholders of certain townships, to submit the question of subscription or no subscription to the capital stock of said railroad, to the landholders of the townships; and were further ordered to appoint managers to hold elections in relation to the said question in accordance with the laws and regulations of general elections of this state.

Petitions were presented, elections were held, and subscriptions made under the provisions of said act.

In two of the townships, however—Smithville and Bordeaux —some of the landholders paid, under protest, the sums assessed upon their property, alleging the provisions of the said act had been violated in many particulars.

By the sixth section of the said act it is provided, "the county commissioners of Abbeville and Edgefield, and their successors in office, shall have all the powers to assess and collect the amounts voted for by each township *pro rata* on the real estate of said townships as now are provided by law for the collection of taxes."

The defendant, J. Wardlaw Perrin, treasurer of the county, instructed by the authorities of the said railroad, on December 25th, 1878, gave notice that after January 15th, A..D. 1879, he would proceed to collect, by levy and sale of land, the railroad tax, as provided for in the collection of state and county taxes.

According to this notice the plaintiffs named, with sundry others, paid their shares of the amount voted, but under protest; and brought their actions in the Court of Common Pleas for the recovery of the sums severally paid by them.

These suits are brought under the provisions of the act of 1878. 16 *Stat.* 785. The act is entitled "An act to facilitate the collection of taxes."

The plaintiffs state (each for himself) they now bring suit "to recover the sums (money paid to defendant) under the provisions of the late act of the general assembly 'to facilitate the collection of taxes,'" and proceed to state their grounds for recovery.

The act declares "that in all cases in which any state, county or other taxes are now or shall hereafter be charged upon the books of any county treasurer of the state against any person, and such treasurer shall claim the payment of the taxes so charged, or shall take any step or proceeding to collect the same," such person shall pay the same under protest as being wrongfully and illegally collected, and within thirty days may bring suit for the recovery thereof.

The act of 1877, in the sixth section, does not declare the amounts voted for by each township to be *taxes;* but that the agencies for the collection of taxes may be employed to collect the amounts. The word ".taxes" has a technical meaning. Taxes are burdens imposed by legislative authority for the support of government and for public purposes. "Amount" or "assessment" are words of different import; and the latter word means

a certain sum to be collected, not from the public at large, but from a certain class of persons, who, by their own act, have subjected themselves to its payment. As by the act only taxes wrongfully or illegally collected can be recovered, unless the words "amounts voted for by each township" mean taxes, then the act gives no remedy to the plaintiffs. They have not wrongfully or illegally paid *taxes*, and have thus failed to bring themselves within the description of persons relieved by the act.

Further, the sixth section of said act was repealed or "erased" by A. A. March 12th, 1878. 16 *Stat.* 482. The townships severally were declared to be bodies politic and corporate. The result of this legislation was, that at said time, the power to enforce payment *pro rata* of the amount voted for was taken away. Thus, when the notice was given by the treasurer on December 15th, 1878, that a levy and sale to enforce the collection of the parts of the amount unpaid would be made on January 15th next, the proceeding was without authority of law. It was urged for the defence that a payment without law to enforce the collection was voluntary and could not be recovered.

The act provides that when the treasurer shall claim the taxes charged upon his books, or when some step or proceeding is taken to collect the same, the person paying taxes wrongfully or illegally—and under protest—may bring suit to recover the sum paid. The proof is, the treasurer did not charge the sums received on his books of office, but had some book, not official, in which he made his entries, and that the only step or proceeding to collect the same was the notice given by the defendant, as above stated. The plaintiffs have not proved either of the particulars on which their suit should rest.

In the opinion of the court, the plaintiffs have failed to bring their cases within the meaning and provisions of the act of 1878; and the court orders and adjudges that the complaint be dismissed, unless the plaintiffs shall, within thirty days, amend their complaints with such allegations, as they may be advised will fix a liability upon the defendant; and with costs to the defendant in the two cases named in the caption upon amendment made.

Leave was granted to the plaintiffs in all the other cases of like character against the said defendant to amend without payment of costs.

The plaintiff appealed.

*Messrs. Lee & Noble,* for appellant.

*Messrs. W. H. Parker* and *Burt & Graydon,* contra.

July 21st, 1880. The opinion of the court was delivered by

WILLARD, C. J. This action is against the defendant, as county treasurer, to recover back money alleged to have been paid to the defendant by the plaintiff upon an alleged illegal demand made by the defendant as county treasurer. It appears that the money was paid under protest in order to obtain a remedy for its recovery back under the provisions of the act " to facilitate the collection of taxes," approved December 24th, 1878, (16 *Stat.* 785,) and the action was framed with special reference to the provisions of that act. It appeared by the testimony of the defendant that he had no authority, as county treasurer, to make the demand. That, notwithstanding such want of authority, he gave public notice, as treasurer, as follows:

" I am instructed by the Greenwood and Augusta railroad authorities to extend the time for the receiving of the railroad tax without penalty until Wednesday, January 15th, 1879.

" Persons are notified that after that time I will proceed to collect, by levy and sale of lands, as provided for in the collection of state and county taxes.

(Signed)     "J. W. PERRIN, *Treasurer.*
" October 25th, 1878."

It appears that, under this notice, the payment was made by plaintiff under protest.

Assuming for the present that the pleadings admitted of it, the jury would have been entitled, on the evidence in the case, to say whether the defendant had represented that the plaintiff was liable to pay the amount in question as a tax levied against him, and whether the plaintiff believed and acted upon such rep-

resentation in making payment of the money now sought to be recovered back, and whether such statement was false, and, might have found as matter of fact that such was the case.

The Circuit judge granted a non-suit upon the ground that the case could not be brought within the provisions of the act " to facilitate the collection of taxes." He places his decision upon the ground that the demand against the plaintiff was not a tax in the meaning of that act. That act provides a remedy where any "state, county or other taxes are now or shall hereafter be charged upon the books of any county treasurer against any person," &c. Had there been such a charge against the plaintiff, as the notice given by the defendant imputed, it would have sustained the remedy provided by this act. If there had been such a tax, this plaintiff could have paid it under protest, and have had his action to recover it back. In that case, on receiving such payment, it would have become the duty of the defendant to transmit the amount to the comptroller-general, who would be compelled to refund it in case judgment went in favor of the plaintiff. The action was evidently framed under the idea that a right to demand the tax, as such, existed, in form at least, and steps taken to secure the remedy by the act, including the shaping of the complaint to suit such a case.

It appeared on the trial, through the defendant's testimony, that no such tax, as such, existed at any time, and that he was in fact acting as the agent of the railroad company, enforcing the payment of money claimed to be due to such company. It was a clear case, under the code, for not restraining the verdict to the issues framed by the pleadings, but sending the case to the jury upon the evidence with or without previous amendment of the pleadings. The court would have been justified in holding that the misconduct of the defendant, as disclosed by the evidence, had induced the plaintiff to select an inappropriate form of action.

When upon the trial of a case it appears by evidence admitted without objection, or properly admissible under the pleadings, that the plaintiff is entitled to a remedy, upon the case exhibited, he cannot be turned out of court merely because the cause of

action set forth in his complaint does not conform to such state of the proofs.

The non-suit must be set aside and a new trial had.

McIVER, A. J., concurred in the result.